IN THE COUNTY COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR OSCEOLA COUNTY, FLORIDA

CASE NO. 12-CC-1132-OT

OLGA LOPEZ

    Plaintiff,

vs.

MEDICREDIT, INC

    Defendant.

_____/

6:12-CV-1032-ORL-18DAB

## PLAINTIFF'S COMPLAINT

### I. INTRODUCTION

1. This is an action for damages for violations of the State of Florida Consumer Collection Practices Act, Section 559.72, Florida Statutes (hereinafter to as "FCCPA") and for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### II. JURISDICTION AND VENUE

2. This is a complaint for damages which does not exceed $2,500.00 exclusive of costs, interest and attorney's fees. Venue in this county is proper and throughout the State of Florida, and the conduct complained of occurred in Osceola County, Florida.

### III. PARTIES

3. OLGA LOPEZ is a natural person residing in Osceola County, Florida.

4. MEDICREDIT, INC is a consumer collection agency registered in the state of Missouri.

5. At all times material to the allegations of this complaint, MEDICREDIT, INC was acting as a debt collector with respect to the collection of Plaintiff's debt for Adventist Health Systems-Sunbelt, Inc., dba/Florida Hospital.

## IV.
## FACTUAL ALLEGATIONS

6. OLGA LOPEZ filed a chapter 7 bankruptcy, which discharged the debt Defendant seeks to collect from Plaintiff.

7. On or about 7/7/11 Plaintiff, OLGA LOPEZ, filed Bankruptcy under case no. 6:11-bk-10298.

8. On 10/20/11, Honorable Karen S. Jennemann executed a standard Discharge of Debtor order, in case no. 6:11-bk-10298, granting a discharge under section 727 of title 11, the United States Code, (the Bankruptcy Code).

9. Plaintiff's debt with Adventist Health Systems-Sunbelt, Inc., dba/Florida Hospital was included in bankruptcy. Therefore, debt was discharged on 10/20/11.

## COUNT I
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

10. OLGA LOPEZ incorporates Paragraphs 1 through 9.

11. The act and omission of MEDICREDIT, INC and its agents constitute numerous and multiple violations of the FCCPA with respect to OLGA LOPEZ.

12. MEDICREDIT, INC and its agents violated the State of Florida Consumer Collection Practices Act Section 559.72 (7) by attempting to collect a debt from Plaintiff which they do not have a legal right to collect, as it was discharged in bankruptcy of the Plaintiff.

13. MEDICREDIT, INC and its agent's acts as described above were done with full knowledge and intentionally with the purpose of coercing Plaintiff to pay the alleged assessments which are not legally due.

14. As a result of the above violation of the State of Florida Consumer Collection Practices Act, Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

15. OLGA LOPEZ incorporates Paragraphs 1 through 14.

16. The act and omission of MEDICREDIT, INC and its agents constitute violations of the FDCPA with respect to OLGA LOPEZ.

17. MEDICREDIT, INC and its agents violated 15 U.S.C. § 1692d and 15 U.S.C. §1692d(5) by contacting Plaintiff for a debt which they do not have a legal right to collect, as it was discharged in bankruptcy.

18. MEDICREDIT, INC and its agents violated 15 U.S.C. § 1692c(a)(2). MEDICREDIT, INC and its agent's acts as described above were done with full knowledge and intentionally with the purpose of coercing Plaintiff to pay the alleged assessments which are not legally due.

19. As a result of MEDICREDIT, INC violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); actual and compensatory damages; and, reasonable attorney's fees and costs pursuant to 15 U.S.C.§ 1692k(a)(3), from MEDICREDIT, INC.

### COUNT III
### Amount Defendant Attempted to Collect and the Amount Owed

20. OLGA LOPEZ incorporates Paragraphs 1 through 19.

21. Specifically, MEDICREDIT, INC took the following actions to collect a debt in the amount of $167.36:

    A. Letter dated 11/9/11 from MEDICREDIT, INC to Plaintiff (See Plaintiff's Composite);

22. MEDICREDIT, INC, at all times material hereto, knew or should have known that the debt it was attempting to collect was not owed for the following reason:

23. The debt in the amount of $167.36 was discharge in bankruptcy (See Plaintiff's Composite);

24. The following specific acts constitute violation of F.S. Sec. 559.72:

    A. Letter dated 11/9/11 from MEDICREDIT, INC to Plaintiff (See Plaintiff's Composite);

WHEREFORE, OLGA LOPEZ respectfully prays that judgment be entered against the RECEIVABLE MANAGEMENT SERVICES CORP. for the following:

A. Declaratory judgment that RECEIVABLE MANAGEMENT SERVICES CORP.'s conduct violated the FDCPA, and declaratory and injunctive relief for RECEIVABLE MANAGEMENT SERVICES' violation of the FCCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Statutory damages pursuant to Section 559.77, Florida Statutes;

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Section 559.77, Florida Statutes;

F. For such other and further relief as may be just and proper.

*[signature]*

MICHAEL TIERNEY, P.A.
Michael Tierney, Esquire
Florida Bar No.: 643475
918 Beard Avenue
Winter Park, Florida 32789
Tel: (407) 740-0074
Attorney for Plaintiff